FILED
United States Court of Appeals
Tenth Circuit

**June 9, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WILLIAM E. ORCUTT,

        Plaintiff‑Appellant,

v.

BRANDON LIBEL; TONY LIBEL;
BRICE LIBEL; JOEL R. EULER; IRA
DENNIS HAWVER; JAMES A.
NEEDHAM; THAD GEIGER; CITY
OF ELWOOD, KANSAS; DARRELL
LAMME; LARRY HUNSAKER;
DONIPHAN COUNTY, KANSAS;
JERRY R. DUBACH; ROBERT
ORCUTT, also known as Bobby Dean
Orcutt, in their individual capacities
only,

        Defendants‑Appellees.

No. 09-3293
(D.C. No. 2:09-CV-02025-MLB-DJW)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **McKAY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**,
Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff-appellant William Orcutt, appearing pro se, appeals the dismissal of his complaint under 42 U.S.C. § 1983. In his complaint, Mr. Orcutt asserted thirty-five claims against thirteen defendants. The defendants were various attorneys, state employees, and witnesses involved in three state court actions concerning Mr. Orcutt. The first two were foreclosure actions brought by Farmers State Bank of Wathena, Kansas (Farmers) and Troy State Bank of Troy, Kansas (Troy) to recover debt owed by Mr. Orcutt. Mr. Orcutt lost these suits and did not appeal from the judgments. The third action was a criminal action in which Orcutt was convicted of impairment of a security interest under Kansas law. His criminal appeal was pending at the time he filed his federal complaint.

The district court dismissed all but four of the claims in Mr. Orcutt's complaint pursuant to *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), noting that under the *Rooker-Feldman* doctrine, it had no jurisdiction to review the state court civil orders at issue in the complaint. Two of Mr. Orcutt's claims appeared to question the ongoing criminal proceedings against him. The district court abstained from considering those claims under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). Mr. Orcutt's final two claims appeared to contend that defendants violated certain criminal laws. The district court dismissed those two claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), on the ground that private citizens cannot prosecute criminal actions

unless a private right of action is expressly provided. Mr. Orcutt appeals the dismissals under the *Rooker-Feldman* and *Younger* abstention doctrines.

We have jurisdiction over Mr. Orcutt's appeal under 28 U.S.C. § 1291. Although it appears that a counterclaim against Mr. Orcutt remains outstanding, the district court certified its dismissal of Mr. Orcutt's claims as final pursuant to Federal Rule of Civil Procedure 54(b). This court reviews de novo a district court's decision to abstain from exercising jurisdiction under the *Younger* doctrine. *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). We likewise review de novo a district court's dismissal of a complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1165 (10th Cir. 1998).

We have carefully reviewed the parties' appellate briefs, the district court's order, and the remainder of the appellate record. It seems clear from the complaint that Mr. Orcutt intends to directly attack the state court decisions. He asserts that the foreclosures were illegal and seeks "an immediate temporary injunction due to the continuing abuse, actions and violations of substantial rights caused by the Defendants." R., Vol. 1, Part 1 at 27. He also seeks monetary damages against a variety of government actors and private individuals; it appears that most of these damages are for actions taken in complicity with the state court's foreclosure decisions. Therefore, these claims are "inextricably

intertwined" with those foreclosure decisions because they "assert injuries based on the [state court decisions] and, for [him] to prevail, would require the district court to review and reject those [decisions]." *See Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007). To the extent that Mr. Orcutt is seeking to have the district court enjoin the state court decisions, or is seeking damages from the defendants for actions taken in compliance with those decisions, the dismissal is affirmed for substantially the reasons set forth in the district court's September 23, 2009 dismissal.

We note, however, that the claims in Mr. Orcutt's complaint are so conclusory that we are unable to discern exactly what acts he is complaining about, or who is supposed to have committed those acts. Thus, he might also be—and probably is, considering the imprecision of his claims–seeking damages arising from acts of the parties that are not "inextricably intertwined" with the state court's decision. To the extent that he seeks such damages, the court's dismissal must still be upheld for failure to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). *See Amro v. Boeing Co.*, 232 F.3d 790, 796 (10th Cir. 2000) ("[W]e may affirm the district court's decision for any reason supported by the record."). As noted by the district court, the conclusory nature of the claims makes it nearly impossible to tell exactly what the claims are or who they are against. *See* R., Vol. 3 at 110 n.6 ("Plaintiff alleges in conclusory fashion that defendants collectively conspired to unfairly

and in bad faith take his property . . . .  At no point in his complaint does plaintiff make clear exactly which defendant did what alleged violation.").  Further, because there is no specificity to the claims, it is impossible to tell if they would be precluded under Kansas preclusion law.  *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985) (holding that "[t]he preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute," 28 U.S.C. § 1738, which "directs a federal court to refer to the preclusion law of the State in which judgment was rendered").

The district court's dismissal of Mr. Orcutt's claims against defendants-appellees is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge