**In re Karen Marie KLINE, also known as K.M. Kline, Debtor.**

**Karen Marie Kline, Appellant,**

v.

**Deutsche Bank National Trust Company and Richard Leverick, Appellees.**

BAP No. NM–11–088.
Bankruptcy No. 05–12174.
Adversary No. 09–01035.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

June 1, 2012.

**100**

Submitted on the briefs: *

Karen Marie Kline, pro se.

---

* The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr.P. 8012. The case is therefore ordered submitted without oral argument.

Richard Leverick of Leverick and Musselman LLC, Albuquerque, NM, pro se and for Appellee Deutsche Bank National Trust Company.

Before BROWN, RASURE, and ROMERO, Bankruptcy Judges.

BROWN, Bankruptcy Judge.

The issue before this Court is whether the bankruptcy court properly granted summary judgment against Debtor–Appellant on her claim that Defendants–Appellees willfully violated the automatic stay. The bankruptcy court concluded that Defendants committed a technical, but not willful, violation of the stay when they, without notice of Debtor's bankruptcy case, served an amended state court foreclosure complaint on Debtor eight days after her petition date. Although service of the amended foreclosure complaint was void because it violated the automatic stay, the bankruptcy court emphasized that once Defendants learned of the bankruptcy, they ceased all actions against Debtor until they obtained relief from stay and Debtor's bankruptcy case was dismissed. The bankruptcy court rejected Debtor's arguments that Defendants improperly obtained the foreclosure judgment against her, concluding that such arguments sought review of the state court's decision and were barred by the *Rooker–Feldman* doctrine. For the following reasons, we AFFIRM the decision of the bankruptcy court.

## I. Background

The bankruptcy court's order contains a succinct description of the undisputed facts in this case, which we will summarize here. Debtor formerly owned a condominium lo-

cated in Santa Fe, New Mexico (the "Property"). On March 9, 2005, Defendant–Appellee Deutsche Bank, through its attorney Defendant–Appellee Richard Leverick, filed a foreclosure complaint concerning the Property in New Mexico state court. On March 16, 2005, Deutsche Bank filed an *amended* foreclosure complaint to add additional lien holders as defendants. On March 18, 2005, Deutsche Bank served the *original* foreclosure complaint on Debtor. On March 21, 2005, Debtor filed a Chapter 13 petition. Debtor did not list either Defendant in her schedules and the Notice of Chapter 13 Bankruptcy Case was not mailed to either party.

On March 29, 2005 (postpetition), Deutsche Bank served the *amended* foreclosure complaint on Debtor. On April 11, 2005, Leverick received an email from Ocwen Federal Bank, the loan servicing agent for Deutsche Bank, informing him of Debtor's bankruptcy case. At that point, Defendants did not dismiss the foreclosure proceeding, but stayed any action to further prosecute it against Debtor. On June 1, 2005, Ocwen Federal Bank FSB, as loan servicing agent for Deutsche Bank, filed a motion for relief from stay to proceed with the foreclosure action. Debtor failed to object, and on July 1, 2005, the bankruptcy court entered a default order granting relief from stay. On July 13, 2005, the bankruptcy court dismissed Debtor's Chapter 13 case.

On August 5, 2005, Deutsche Bank filed a motion for summary judgment and application for entry of stipulated judgment and default judgment in the state court foreclosure action. To demonstrate that Debtor was in default, Deutsche Bank attached a "Certificate as to the State of the Record and Non–Appearance" in which the clerk of the state court recited that Debtor "was served with personal service on March 29, 2005" and that she had not

filed an answer or other responsive pleading. On December 15, 2005, the state court granted the motion and entered a "Summary Judgment, Stipulated Judgment, Default Judgment, Decree of Foreclosure, Order of Sale and Appointment of Special Master" (the "Foreclosure Judgment"). In relevant part, the Foreclosure Judgment declared that Debtor was in default and ordered the Property sold by a special master. On January 27, 2006, the Property was sold at public auction.

During February 2006, Debtor filed several pleadings objecting to the foreclosure and sale of the Property. The state court held a hearing on the objections on March 8, 2006. At the hearing, Debtor made various arguments against approval of the sale, including that Defendants were required to re-serve her with the amended complaint after getting relief from stay, and that she was not in default. The state court rejected these arguments and, at the conclusion of the hearing, entered an order approving the foreclosure sale.

Debtor subsequently moved to set aside the Foreclosure Judgment and the state court held another hearing on May 9, 2006. At the hearing, Debtor again argued that Defendants failed to properly serve the amended complaint on her and were required to re-serve her, that service of the amended complaint was void because it violated the automatic stay and that she was not in default. The state court denied Debtor's motion, finding that Defendants' prepetition service of the original (not amended) complaint on March 18, 2005 was valid service, and that Debtor failed to raise a meritorious defense to the foreclosure action. Debtor then filed motions to reconsider. After holding another hearing on June 20, 2006, the state court denied Debtor's motions. The state court further ordered that the Certificate as to the State of the Record, which was the basis for the

default judgment against Debtor, be corrected to reflect service of the original complaint on Debtor on March 18, 2005, rather than service of the amended complaint on March 29, 2005. Debtor subsequently filed an appeal with the New Mexico Court of Appeals. That appeal was not successful.

On March 5, 2009, Debtor filed an adversary proceeding against Defendants, seeking damages for willful violation of the automatic stay, alleging that Defendants' failure to take affirmative steps to stop the foreclosure action after learning of her bankruptcy case constituted a willful violation of the stay. The parties filed cross-motions for summary judgment. On September 2, 2011, the bankruptcy court entered its order denying Debtor's motion and granting Defendants' motion.[1]

The bankruptcy court determined that Defendants' postpetition service of the amended foreclosure complaint was merely a technical violation of the stay because it was undisputed that Defendants lacked knowledge of Debtor's bankruptcy when they served Debtor. The bankruptcy court acknowledged that a technical violation can become willful when a creditor refuses to remedy the violation after receiving notice of the stay, but rejected Debtor's argument that Defendants violation became willful when they failed to re-serve the amended foreclosure complaint following dismissal of her bankruptcy case. The bankruptcy court concluded that Defendants had no affirmative duty to dismiss the foreclosure action, and complied with the Code by taking no further action in the state court proceeding until they obtained relief from stay and Debtor's

bankruptcy case was dismissed. The bankruptcy court also refused to consider Debtor's various arguments concerning the correctness of the state court's decision, concluding that Debtor "cannot revisit the propriety of the Judgment for Foreclosure through a claim for willful violation of the stay." The bankruptcy court concluded that the *Rooker–Feldman* doctrine applied to bar Debtor's arguments on the propriety of the Foreclosure Judgment.

In this appeal, Debtor asserts that the bankruptcy court should have granted her motion for summary judgment because Defendants violated the stay by serving the amended foreclosure complaint postpetition and failed to remedy that violation by failing to re-serve her and continuing to prosecute the foreclosure case. Debtor claims she was damaged by service of the amended complaint because everything that happened subsequently in the foreclosure proceeding rested on the amended complaint. Debtor also contends the bankruptcy court erred in applying the *Rooker–Feldman* doctrine because she was not really seeking to alter the state court judgment.

## II. Standard of Review

■■■ We review the bankruptcy court's grant of summary judgment *de novo*, applying the same legal standard used by the bankruptcy court.[2] Summary judgment is proper only if the movant shows "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."[3] "Whether a party's actions have violated the automatic stay is a question of law which is reviewed *de novo*."[4] The determination of

1. *Kline v. Deutsche Bank Nat'l Trust Co. (In re Kline)*, No. 13–05–12174, 2011 WL 3879485 (Bankr.D.N.M. Sept. 2, 2011).

2. *In re C.W. Mining Co.*, 636 F.3d 1257, 1260 (10th Cir.2011).

3. Fed.R.Civ.P. 56(c) (2009).

4. *Diviney v. NationsBank of Tex., N.A. (In re Diviney)*, 225 B.R. 762, 769 (10th Cir. BAP 1998) (quoting *Barnett v. Edwards (In re Ed-*

whether a creditor's action constituted a willful violation of the stay is reviewed for clear error.[5]

## III. Discussion

### A. No Willful Violation of the Stay

■ The automatic stay provides certain protections for a debtor in bankruptcy. Among other activities, it stays the "commencement or continuation ... [of an] action or proceeding against the debtor that was or could have been commenced before the [filing of the bankruptcy]," as well as the collection or enforcement of a prepetition claim.[6] Any actions taken in violation of the automatic stay are void and of no force or effect, even when there is no actual notice of the existence of the stay.[7]

■ Section 362(k)(1) provides that an individual injured by a "willful" violation of the stay may recover damages.[8] To establish a claim under § 362(k), the debtor must establish by a preponderance of the evidence that a violation occurred, the violation was committed willfully, and the violation caused actual damages.[9] A "willful" violation occurs if the creditor knew of the automatic stay and intended the actions that constituted the violation.[10] No specific intent to violate the stay is required.[11] Even an innocent stay violation (one committed without knowledge of the stay) becomes willful if the creditor fails to

remedy the violation after receiving notice of the stay.[12] In effect, the term "willful" refers to the deliberateness of the conduct, coupled with knowledge of the filing.

■ In this case, it is undisputed that Defendants served the amended foreclosure complaint on Debtor after Debtor's petition date, but before Defendants had knowledge of her pending bankruptcy case. As such, the bankruptcy court correctly found that Defendants' service of the amended complaint on Debtor constituted a violation of the automatic stay. Because it was done in violation of the stay, Defendants' service of the amended foreclosure complaint on Debtor was void and of no effect. Debtor argues Defendants' violation became willful when they later continued the foreclosure action and failed to re-serve the amended foreclosure complaint on her. All the activities Debtor complains of, however, occurred *after* the automatic stay was no longer in place. Once Defendants learned of Debtor's case, they stayed all proceedings against her. Defendants did nothing more to continue the foreclosure action against Debtor until after obtaining relief from stay, and indeed, until after Debtor's bankruptcy case had been dismissed. The automatic stay and the protections it offers terminate immediately upon dismissal of a bankruptcy case.[13] A creditor is therefore free to take

*wards*), 214 B.R. 613, 618 (9th Cir. BAP 1997)).

5. *Id.*

6. 11 U.S.C. § 362(a)(1) & (6).

7. *In re Calder*, 907 F.2d 953, 956 (10th Cir. 1990).

8. 11 U.S.C. 362(k)(1). Unless otherwise specified, all references to "Code", "Section" and "§ " are to Title 11, United States Code.

9. *In re Panek*, 402 B.R. 71, 76 (Bankr.D.Mass. 2009); *Johnson v. Smith* (*In re Johnson* ), 501 F.3d 1163, 1172 (10th Cir.2007).

10. *In re Johnson*, 501 F.3d at 1172.

11. *Id.*

12. *In re Diviney*, 225 B.R. 762, 776 (10th Cir. BAP 1998).

13. 11 U.S.C. § 362(c)(2)(B); *Shaw v. Ehrlich*, 294 B.R. 260, 274 (W.D.Va.2003) *aff'd*, 99 Fed.Appx. 466 (4th Cir.2004); *Martir Lugo v.*

action to enforce its rights in a debtor's assets from the moment that the dismissal order is entered.[14] Thus, any actions Defendants took after obtaining relief from stay and after dismissal of Debtor's case, by definition, do not constitute stay violations.[15]

We also agree with the bankruptcy court that cases cited by Debtor concerning a creditor's duty to remedy certain types of stay violations are inapplicable to the facts of this case.[16] Those cases involve a creditor taking property of the estate while the stay was in effect and failing to return that property after learning of the stay.[17] Here, Defendants did not take any property from Debtor while the stay was in place, and there was no property Defendants had to return. The foreclosure of Debtor's Property happened months after dismissal of Debtor's bankruptcy case and cannot constitute a stay violation. For that reason, the damages claimed by Debtor are not attributable to any stay violation by Defendants. Debtor argues she is entitled to recover the value of the Property because everything that happened in the foreclosure case rested on service of the amended foreclosure complaint. The record does not support this contention,[18] but even assuming it was accurate, it ignores the fact that Defendants obtained relief from stay to complete the foreclosure process. Debtor had the opportunity to object to relief from stay, but did not. She cannot now recover damages under § 362(k) for actions which Defendants had relief from stay to accomplish.

■ Debtor's various arguments about alleged inadequacies and errors by the state court in the foreclosure action *after* Defendants obtained relief from stay and Debtor's bankruptcy case was dismissed are also without merit. Debtor contends that Defendants should have re-served her with the amended complaint, that Defendants' failure to re-serve her denied her a right to participate in the state court case, and that she was never in default. What

---

de Jesus Saez (In re de Jesus Saez), 721 F.2d 848, 851 (1st Cir.1983).

**14.** *Shaw v. Ehrlich*, 294 B.R. at 274.

**15.** Of course, Fed. R. Bankr.P. 4001(a)(3) provided at that time that an order granting relief from stay was stayed for ten days (now fourteen). This Rule has no impact here because none of the actions Debtor complains of occurred during the ten days after the bankruptcy court granted relief from stay. In fact, the bankruptcy court dismissed Debtor's bankruptcy case before the ten-day period expired, thereby terminating the stay altogether. Debtor argues the state court failed to consider Rule 4001(a)(3) in determining her answer deadline in the foreclosure action and, as a result, erroneously determined that she was in default. As discussed below, however, the *Rooker–Feldman* doctrine bars such arguments. Neither the bankruptcy court nor this Court may conduct an appellate review of the state court's decision to grant default judgment.

**16.** *See Kline v. Deutsche Bank Nat'l Trust Co. (In re Kline)*, No. 13–05–12174, 2011 WL 3879485, at *6 (Bankr.D.N.M. Sept. 2, 2011).

**17.** *E.g., In re Scroggin*, 364 B.R. 772, 780 (10th Cir. BAP 2007) (failure to release prepetition garnishment); *In re Johnson*, 501 F.3d 1163, 1172 (10th Cir.2007) (failure to return truck repossessed postpetition).

**18.** The record indicates that the state court found Debtor in default and entered the Foreclosure Judgment based on Defendants' service of the original (not amended) foreclosure complaint, which occurred prior to filing of Debtor's bankruptcy case. Debtor makes various arguments about why the state court should not have relied on the original complaint, including that the amended complaint superseded the original complaint. This argument ignores the fact that service of amended foreclosure complaint was void and of no effect as to Debtor and thus could not supersede anything. In any event, as discussed below, *Rooker–Feldman* bars this Court from reviewing the state court's deci-

happened in the state court case after Defendants obtained relief from stay is of no concern here for two reasons. First, as discussed above, a § 362(k) claim must necessarily focus on actions taken during the pendency of the automatic stay. It is not a vehicle to attack conduct occurring well after relief from stay has been granted and the Debtor's bankruptcy case dismissed. Second, as discussed more fully below, a § 362(k) claim is not a vehicle for seeking federal court review of a state court's rulings, which is essentially what Debtor is seeking.

## B. *Rooker–Feldman* Doctrine

The *Rooker–Feldman* doctrine is jurisdictional in nature. It provides that lower federal courts, such as bankruptcy courts, lack jurisdiction to engage in appellate review of claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment.[19] As described by the Supreme Court:

> The *Rooker–Feldman* doctrine ... is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Rooker–Feldman*

does not otherwise override or supplant preclusion doctrine.... [20]

The Tenth Circuit has emphasized that "the type of judicial action barred by *Rooker–Feldman* [ ] consists of a review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with law." [21] The doctrine "does not bar federal-court claims that would be identical even had there been no state-court judgment; that is, claims that do not rest on any allegation concerning the state-court proceedings or judgment." [22] In addition, the Tenth Circuit instructs that "*Rooker–Feldman* only applies when the injury alleged by the plaintiffs was 'caused by [the] state-court judgment[ ].'" [23] The relevant inquiry is "whether the state-court judgment caused, actually and proximately, the injury for which the federal-court plaintiff seeks redress," paying "close attention to the relief sought." [24] If success on the claims alleged in federal court would necessarily require the federal court to review and reject the state court's judgment, *Rooker–Feldman* applies.[25]

In the foreclosure context, the Tenth Circuit has applied *Rooker–Feldman* to bar collateral attacks on final state court foreclosure judgments.[26] For example, in the case of *Dillard v. Bank of New York*, the plaintiff brought claims in federal court under various federal and state statutes

sion to grant default judgment based on Defendants' service of the original foreclosure complaint.

19. *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir.2006).

20. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

21. *Bolden v. City of Topeka*, 441 F.3d 1129, 1143 (10th Cir.2006).

22. *Id.* at 1145.

23. *Mo's Express, LLC*, 441 F.3d at 1237 (quoting *Exxon Mobil Corp.*, 544 U.S. at 284, 125 S.Ct. 1517).

24. *Id.* (emphasis omitted) (quoting *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 476 (10th Cir.2002)).

25. *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1194 (10th Cir.2010).

26. *E.g., Dillard v. Bank of N.Y.*, No. 11–1379, 2012 WL 1094833, at *1 (10th Cir. Apr. 3, 2012); *Orcutt v. Libel*, 381 Fed.Appx. 866, 868 (10th Cir.2010).

alleging that the Defendant had improperly foreclosed on her home and evicted her from the property.[27] The Tenth Circuit held that *Rooker–Feldman* barred the plaintiff's claims because she "unquestionably sought review and rejection of the state court foreclosure and eviction proceedings" by bringing claims that challenged the foreclosure documentation and the fairness of foreclosure proceedings.[28] The Circuit acknowledged that certain challenges to intermediate, non-final orders entered during a state court foreclosure proceeding may not be amenable to application of the *Rooker–Feldman* doctrine.[29] However, because the plaintiff in *Dillard* was "attempting to completely undo the foreclosure and eviction proceedings, which were both final before she ever initiated this suit," *Rooker–Feldman* applied to bar her claims.[30]

A similar scenario is presented in this case. The Foreclosure Judgment was final years before Debtor brought this adversary proceeding. Although she does not ask directly for reversal of the Foreclosure Judgment, the relief she seeks and the arguments she presents would necessarily require the bankruptcy court to reject the Foreclosure Judgment. Debtor seeks damages caused by enforcement of the Foreclosure Judgment in an amount she claims represents the value of her lost Property. She argues that she would not have lost the Property if Defendants had not violated the stay by continuing the foreclosure proceeding after the stay terminated. She repeats contentions already presented to and rejected by the state court to set aside the Foreclosure Judgment, such as Defendants' alleged failure to re-serve the amended foreclosure complaint. The bankruptcy court could not rule on the merits of these arguments, nor grant the redress Debtor seeks, without deciding whether the state court correctly applied state law in entering the Foreclosure Judgment and denying Debtor's multiple requests to reconsider. The *Rooker–Feldman* doctrine bars such a review.[31] Accordingly, the bankruptcy court correctly declined to consider Debtor's arguments under that doctrine.

## IV.  Conclusion

For the reasons stated above, the order of the bankruptcy court is AFFIRMED.

---

27.  *Dillard*, 2012 WL 1094833 at *1.

28.  *Id.*

29.  *Id.* at *1 n. 3 (distinguishing *Miller v. Deutsche Bank Nat'l Trust Co. (In re Miller)*, 666 F.3d 1255, 1262 & n. 6 (10th Cir.2012)).

30.  *Id.*

31.  *See id.* at *1; *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1194 (10th Cir.2010).