**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 18, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re: KAREN MARIE KLINE,
a/k/a K.M. Kline,

        Debtor.

-------------------------------------------

KAREN MARIE KLINE,
a/k/a K.M. Kline,

        Plaintiff-Appellant,

v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY; RICHARD M.
LEVERICK,

        Defendants-Appellees.

No. 12-2111
(BAP No. 11-088-NM)
(BAP)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **HOLLOWAY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Karen Marie Kline filed this adversary proceeding in the United States Bankruptcy Court for the District of New Mexico, seeking damages from the defendants under 11 U.S.C. § 362(k) based on their alleged willful violation of the automatic stay. The bankruptcy court granted summary judgment in favor of the defendants. The Tenth Circuit Bankruptcy Appellate Panel (BAP) affirmed. *Kline v. Deutsche Bank Nat'l Trust Co. (In re Kline)*, 472 B.R. 98 (B.A.P. 10th Cir. 2012). Ms. Kline now appeals the BAP's decision to this court, and we affirm.

The bankruptcy court concluded that while the defendants had committed a technical violation of the automatic stay by serving Ms. Kline with an amended complaint for foreclosure after she filed her Chapter 13 bankruptcy case, their failure to re-serve Ms. Kline or to halt the foreclosure proceedings on her condominium following the lifting of the automatic stay did not constitute a "willful" violation of the automatic stay within the meaning of § 362(k). It further noted that the *Rooker-Feldman* doctrine barred Ms. Kline's attacks on the state-court foreclosure judgment obtained by the defendants.[1] The BAP agreed with each of these rulings and affirmed accordingly.

"When reviewing a decision of the BAP, this Court reviews only the Bankruptcy Court's decision, treating the BAP as a subordinate appellate tribunal whose rulings may be persuasive, but are entitled to no deference." *Cohen v.*

---

[1] *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Cir. v. Feldman*, 460 U.S. 462 (1983).

*Borgman (In re Borgman)*, 698 F.3d 1255, 1259 (10th Cir. 2012). "The Bankruptcy Court's decisions on matters of law are reviewed de novo" and its findings of fact are reviewed for clear error. *Id.* at 1259 & n.5. "We review the application of the *Rooker-Feldman* doctrine de novo." *Miller v. Deutsche Bank Nat'l Trust Co. (In re Miller)*, 666 F.3d 1255, 1260 (10th Cir. 2012).

Ms. Kline argues that the bankruptcy court's decision is in conflict with Tenth Circuit authority holding that actions taken in violation of the automatic stay are void and without effect. We disagree. Having carefully reviewed the bankruptcy court's decision and the BAP's affirmance, the briefs, the record,[2] and the applicable law, we affirm the challenged decision for substantially the reasons stated in the BAP's opinion issued June 1, 2012, and the bankruptcy court's memorandum opinion of September 2, 2011. We grant Ms. Kline's motion to proceed *in forma pauperis*.

Entered for the Court

Mary Beck Briscoe
Chief Judge

---

[2]    We previously supplemented the record on appeal to include Ms. Kline's appendix and amended appendix filed with the BAP.