**FILED**
**U.S. Bankruptcy Appellate Panel**
**of the Tenth Circuit**

**March 15, 2016**

**Blaine F. Bates**
**Clerk**

NOT FOR PUBLICATION[1]

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE TENTH CIRCUIT

_____

IN RE CHARLES ALLEN ARNOLD,

Debtor.

_____

JOHN R. ARNOLD, SOIL
ENHANCEMENT TECHNOLOGIES,
LLC, and PULSEWAVE, LLC,

Plaintiffs - Appellees,

v.

CHARLES A. ARNOLD,

Defendant - Appellant.

_____

BAP No. CO-15-031


Bankr. No. 07-18751
Adv. No. 10-01311
Chapter 7


OPINION

_____

Appeal from the United States Bankruptcy Court
for the District of Colorado
_____

Before **KARLIN**, Chief Judge, **CORNISH**, and **MICHAEL**, Bankruptcy Judges.
_____

**CORNISH**, Bankruptcy Judge.
_____

---

[1]    This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8018-6.

The Debtor appeals the bankruptcy court's order granting the application for attorneys' fees and costs filed by PulseWave, LLC. The application for attorneys' fees stems from an adversary proceeding brought by the Debtor's brother, John Arnold; Soil Enhancement Technologies, LLC; and PulseWave, LLC against the Debtor relating to the transfer of several patents. The bankruptcy court entered an order and judgment in favor of PulseWave, LLC and separately granted an application for attorneys' fees and costs to PulseWave, LLC's counsel. The Debtor argues that the bankruptcy court did not utilize the correct legal standard to determine the reasonableness of the attorneys' fees requested, and asks this Court to remand the matter to the bankruptcy court. Having reviewed the record and applicable law, we affirm the bankruptcy court's order.

I.      **Background**[2]

In November 2005, Appellee PulseWave, LLC ("PulseWave") filed a lawsuit against Charles Arnold (the "Debtor") and others in Colorado state court to determine the ownership of certain patents developed by the Debtor and assigned to PulseWave and other entities controlled by the Debtor (the "State Court Action"). The Debtor filed his Chapter 11 bankruptcy petition in August 2007, staying the State Court Action. In a separate adversary proceeding against the Debtor,[3] PulseWave was declared to be the owner of certain patents, and those patents were transferred to it.[4]

---

[2]     The factual background is derived from the bankruptcy court's findings in Adversary Proceeding No. 07-1557. Findings of Fact, Conclusions of Law, and Order *in* Appellant's App. at 14.

[3]     Adversary Proceeding No. 07-01554. The complaint sought declaratory relief as to

(continued…)

In April 2010, the Debtor's brother John Arnold ("Arnold"), Soil Enhancement Technologies, LLC ("SET"), and PulseWave filed an adversary proceeding seeking a denial of the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4) and a determination that PulseWave's claims against the Debtor were nondischargeable pursuant to 11 U.S.C. §§ 523(a)(4) and (a)(6) (the "Discharge Adversary").[5] PulseWave also sought damages for theft and treble damages pursuant to Colorado Revised Statute ("CRS") § 18-4-405. For reasons unrelated to this appeal, the state court appointed a receiver on behalf of PulseWave, and the receiver retained the law firm of Moye White, LLP ("Moye White") to represent PulseWave in the State Court Action and in the Discharge Adversary.

In April 2013, the bankruptcy court entered an order and judgment (collectively, the "Discharge Adversary Order"),[6] denying the Debtor's discharge pursuant to § 727(a)(4)(A). The bankruptcy court also found that PulseWave's claims were nondischargeable pursuant to § 523(a)(4) for the Debtor's defalcation while acting as a

---

the ownership of the patents as well as relief pursuant to 11 U.S.C. §§ 523(a) and 727(a)(4). For convenience of the parties, the bankruptcy court entered its Order Granting Motion to Bifurcate, allowing a trial on the declaratory judgment issues to proceed first and preserving the discharge and nondischargeabilty issues until the court made a determination on the ownership of the patents. Order Granting Motion to Bifurcate in Appellant's App. at 12.

[4]     Findings of Fact, Conclusions of Law, and Order *in* Appellant's App. at 14.

[5]     All future references to "Code," "Section," and "§" are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise indicated.

[6]     Order *in* Appellant's App. at 88.

3

fiduciary pursuant to the Colorado law,[7] and pursuant to § 523(a)(6) for willful and malicious conduct in transferring the patents. In determining the debts to be nondischargeable under § 523(a)(6), the bankruptcy court found the Debtor also violated CRS § 18-4-405 and awarded treble damages plus attorneys' fees and costs in accordance with the state statute.[8] PulseWave's judgment against the Debtor was for $15,150,000 (an amount equal to three times the actual damages determined at trial), plus reasonable attorneys' fees and costs. The Discharge Adversary Order stated that the bankruptcy court would "hold a hearing in order to make a final determination on the reasonable amount of attorneys' fees which shall be awarded."[9]

The Debtor appealed the Discharge Adversary Order to the United States District Court for the District of Colorado (the "District Court Appeal").[10] In light of the District Court Appeal, PulseWave's counsel, Moye White, initially notified the bankruptcy court that it did not anticipate filing an application for fees and costs, but reserved the right to seek fees in the future.[11] However, counsel for Arnold and SET sought attorneys' fees totaling $375,102.37 and costs totaling $34,014.64, to which the Debtor objected.[12] The

---

[7]     Colo. Rev. Stat. § 7-80-108(1)(a) (2015).

[8]     Colo. Rev. Stat. §§ 18-4-401, 18-4-405 (2015).

[9]     Order at 29, *in* Appellant's App. at 116.

[10]    Notice of Appeal *in* Appellee's App. at 267.

[11]    Notice to Court Regarding Application for Attorney's Fees and Costs Incurred *in* Appellant's App. at 119.

[12]    Combined Application of Fees and Costs – John  R. Arnold and Soil Enhancement
(continued…)

4

bankruptcy court held a hearing on Arnold and SET's application for attorneys' fees and costs, but took the matter under advisement until after resolution of the District Court Appeal.

The district court affirmed the Discharge Adversary Order to the extent it denied the Debtor's discharge pursuant to § 727(a)(4)(A), but reversed and vacated the bankruptcy court's order as to the award of damages (the "District Court Opinion").[13] In its decision, the district court stated that it expressed no opinion on the propriety of the bankruptcy court's award of attorneys' fees and costs for bringing the Discharge Adversary.[14]

After resolution of the District Court Appeal, the bankruptcy court held a second hearing on Arnold and SET's application for attorneys' fees and costs. The bankruptcy court denied the application, finding it was materially deficient and, "[u]sing 11 U.S.C. [§] 330(a) as a rough guide to evaluate the reasonableness of the fees," ruling that "the application simply [did] not provide the type . . . of information" necessary to award such

---

Technologies LLC *in* Appellant's App. at 121; Defendant's Response to Combined Application for Fees and Costs – John R. Arnold and Soil Enhancement Technologies LLC *in* Appellant's App. at 126.

[13]    Order and Opinion on Appeal *in* Appellant's App. at 133. The district court declined to address the issue of nondischargeability under § 523, holding that it was moot due to the affirmance of the denial of the Debtor's discharge under § 727.

[14]    *Id.* at 11, *in* Appellant's App. at 143.

fees.[15] The bankruptcy court also ordered Moye White to file an application for attorneys' fees and costs on or before April 24, 2015.

Moye White filed its application requesting $24,277 in fees and $573.56 in costs (the "Fee Application").[16] The Fee Application included as an exhibit Moye White's timesheet records, with a breakdown of each attorney's time spent and hourly rate. The Fee Application also provided an analysis of the requested fees consistent with § 330(a)(3).

The Debtor filed an objection to the Fee Application (the "Fee Objection"), arguing: (1) the Fee Application was filed after the bar date set by the bankruptcy court; (2) attorneys' fees were inappropriate considering the property at issue had been returned to PulseWave at the time the Discharge Adversary was filed; and (3) Moye White sought fees for 12.5 hours related to the preparation of the Fee Application.[17]

The bankruptcy court held a non-evidentiary hearing on the Fee Application and Fee Objection in July 2015.[18] The day after the hearing, the bankruptcy court issued its

---

[15]     Oral Ruling Regarding Combined Application of Fees and Cost – John R. Arnold and Soil Enhancement Technologies LLC at 10, *in* Appellant's App. at 158.

[16]     Application for Attorneys' Fees and Costs as Counsel for Plaintiff PulseWave, LLC *in* Appellant's App. at 164.

[17]     Defendant's Response and Objection to Moye White LLP's Application for Attorneys' Fees and Costs as Counsel for Plaintiff PulseWave, LLP at 4-6, *in* Appellant's App. at 195-97.

[18]     The Debtor stated he was "not asking for an evidentiary hearing" on the objection and took no action to further his argument on the reasonableness of the 12.5 hours. Non-Evidentiary Hearing Regarding Moye White LLP's Application for Attorney's Fees and

(continued…)

oral ruling (the "Oral Ruling") approving the Fee Application.[19] The bankruptcy court

found that because the issue of attorneys' fees and costs "was not addressed or disturbed"

in the District Court Opinion, the bankruptcy court's "findings of fact and conclusions in

the [Discharge Adversary Order] stand as final and the Bankruptcy Court's opinion and

the District Court's opinion appear to be final and non-appealable."[20] Following its Oral

Ruling, the bankruptcy court entered an order and accompanying judgment awarding the

requested $24,277 in fees and $573.56 in costs (the "Fee App Order").[21] The Debtor

appeals.

## II.    Appellate Jurisdiction

This Court has jurisdiction to hear timely filed appeals from "final judgments,

orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the

parties elects to have the appeal heard by the district court.[22] A decision is considered

final "if it 'ends the litigation on the merits and leaves nothing for the court to do but

---

Costs as Counsel for Plaintiff PulseWave, LLC and Defendant Charles Arnold's Response and Objections Thereto Filed May 4, 2015 at 11, *in* Appellant's App. at 209.

[19]    Oral Ruling Regarding Moye White's Application for Attorneys' Fees and Costs as Counsel for Plaintiff PulseWave, LLC filed April 24, 2015 and Defendant Charles Arnold's Response and Objections Thereto Filed May 4, 2015 ("Oral Ruling") *in* Appellant's App. at 213.

[20]    Oral Ruling at 5, *in* Appellant's App. at 217.

[21]    Order Granting Moye White LLP's Application for Attorneys' Fees and Costs as Counsel for Plaintiff PulseWave, LLC *in* Appellant's App. at 221; Judgment *in* Appellant's App. at 222.

[22]    28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8002; 10th Cir. BAP L.R. 8001-3.

execute the judgment.'"[23] The Tenth Circuit has "adopted a bright line rule that an award of attorney fees is final for purposes of appeal only after it is reduced to a sum certain."[24] The Fee App Order is final for purposes of appellate review, and the Debtor's election to have this appeal heard by the United States District Court for the District of Colorado was denied.[25] Accordingly, this appeal is ripe for our review.

### III.    Standard of Review

The "issue of whether the [trial] court relied on the correct legal standard . . . is a matter of law which we review *de novo*."[26] An award of attorneys' fees and costs is generally reviewed for abuse of discretion,[27] and the bankruptcy court's "[u]nderlying

---

[23]    *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 1712, (1996) (quoting *Vatlin v. United States*, 324 U.S. 229, 233 (1945)).

[24]    *Aguinaga v. United Food & Commercial Workers Int'l Union*, 993 F.2d 1480, 1481 (10th Cir. 1993)

[25]    The Debtor's statement of election to have the appeal heard by the United States District Court for the District of Colorado was denied by this Court for failure to comply with Bankruptcy Rule 8005(a) and 10th Cir. BAP L.R. 8005-1(a). The Debtor filed a motion to reconsider the denial of the election. On August 28, 2015, this Court denied the motion to reconsider. *Order Denying Motion for Reconsideration*, BAP ECF No. 9.

[26]    *Hadden v. Brown*, 851 F.2d 1266, 1268 (10th Cir. 1988); *see also Kline v. Deutsche Bank Nat'l Tr. Co. (In re Kline)*, 514 F. App'x 810, 810-11 (10th Cir. 2013) (reviewing application of the *Rooker-Feldman* doctrine *de novo*).

[27]    *Id*; *Anachondo v. Anderson, Crenshaw & Assoc.*, 616 F.3d 1098, 1101 (10th Cir. 2010); *Groetken v. Davis (In re Davis)*, 246 B.R. 646, 652 (10th Cir. BAP 2000) (citations omitted), *aff'd in part vacated in part on other grounds* 35 F. App'x 826 (10th Cir. 2002).

findings are reviewed under the clearly erroneous standard . . . ."[28] A factual finding is "'clearly erroneous' when 'it is without factual support in the record, or if the appellate court, after reviewing all the evidence is left with the definite and firm conviction that a mistake has been made.'"[29] In this case the bankruptcy court awarded the attorneys' fees and costs pursuant to CRS § 18-4-405, which provides that in any action for return of stolen property, the property owner "may [] recover costs of the action and reasonable attorney fees."[30] The Colorado Court of Appeals held in *Steward Software Co. v. Kopcho* that "an award of attorney fees to a prevailing plaintiff on a civil theft claim is mandatory."[31] Accordingly, the bankruptcy court had no discretion whether to award attorneys' fees under the civil theft statute and was merely left to determine (1) the correct legal standard for determining reasonableness of fees, which we review *de novo*; and (2) whether the fees were reasonable, which we review for clear error.

---

[28] *Roberts v. Roadway Exp., Inc.*, 149 F.3d 1098, 1111 (10th Cir. 1998); *Hepner v. Perry (In re Kleinhans)*, 438 B.R. 355, No. CO-09-029, 2010 WL 1221751, at *5 (10th Cir. BAP Mar. 30, 2010) (table) (determination that attorney's fees are warranted is reviewed for abuse of discretion; determination of amount of fees awarded is reviewed under the clearly erroneous standard).

[29] *Hepner*, 2010 WL 1221751, at *3.

[30] Colo. Rev. Stat. § 18-4-405 (2015).

[31] *Steward Software Co. v. Kopcho*, 275 P.3d 702, 712 (Colo. App. 2010) (statute stating "plaintiff *may recover,* rather than what the court *may award*" indicates a lack of discretion vested in trial court), *rev'd on other grounds*, 266 P.3d 1085 (Colo. 2011).

## IV. Discussion

The Debtor advances only one issue on appeal. He argues that the bankruptcy court erred in failing to consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*[32] in determining the reasonableness of the attorneys' fees and costs awarded.[33] At oral argument, counsel for the Debtor reiterated that the only issue before the Court was whether the bankruptcy court applied the correct legal standard in reviewing the Fee Application, and that the Debtor was not asking the Court to make any ruling regarding the actual amount of fees awarded. Instead, the Debtor requested that this Court remand the case to the bankruptcy court for review of the reasonableness of the entire fee award consistent with *Johnson*.

### A. The Debtor Forfeited his Objection to the Total Amount of the Fee Application

Moye White contends that the Debtor only objected to the reasonableness of the 12.5 hours relating to preparation of the Fee Application in the bankruptcy court and the Debtor's objection to the total amount of fees applied for is not preserved on appeal. The Debtor admits that the Fee Objection's only reference to the reasonableness of the requested fees was one sentence asserting that the amount of time spent preparing the Fee

---

[32]     488 F.2d 714 (5th Cir. 1974).

[33]     The Debtor raised a second issue in his brief—that the bankruptcy court erred in awarding attorneys' fees and costs pursuant to CRS § 18-4-405 when PulseWave's property had already been returned and PulseWave suffered no damages—but withdrew that issue prior to oral argument. *See Appellant's Unopposed Mot. to Withdraw Arg. No. 1 from Consideration on Appeal*, BAP ECF No. 24, and *Order Granting Appellant's Unopposed Mot. to Withdraw First Arg.*, BAP ECF No. 27.

Application was unreasonable. Furthermore, at the bankruptcy court hearing, the Debtor only made two arguments: (1) that the Fee Application was untimely; and (2) that Moye White was not entitled to the fees because it did not litigate the Declaratory Judgment Adversary, neither of which are the subject of this appeal. At oral argument, counsel for the Debtor argued that the bankruptcy court understood his objection to be specifically to the 12.5 hours as well as to the reasonableness of the fees generally.[34]

When a party neglects to specifically raise an issue before the trial court, that issue is generally held forfeited.[35] An appellate court will "entertain forfeited theories on appeal, but [] will reverse . . . only if failing to do so would entrench a plainly erroneous result."[36] Because the record does not indicate the Debtor specifically objected to the reasonableness of the entire Fee Application, we hold the Debtor's objection to the total amount of fees to be a forfeited issue that we review for plainly erroneous result. In addition, we will analyze the issue of whether the bankruptcy court applied the correct legal standard of reasonableness to the 12.5 hours *de novo*. Regardless which standard we apply, however, we still reach the same conclusion.

---

[34]    We must assume the Debtor refers to the bankruptcy court's statement that the "[Debtor] believes that 80.1 hours of attorney's time is excessive and as is the 12.5 hours [for preparing the Fee Application] which are included in those 80.1 hours." However, this is the only reference to the excessiveness of the 80.1 hours in the entire record. Oral Ruling at 5-6, *in* Appellant's App. at 217-18.

[35]    *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127-28 (10th Cir. 2011) (Additional legal theories fall into two categories: waiver and forfeiture. Waived legal theories are not reviewed on appeal but forfeited legal theories may be reviewed for plain error).

[36]    *Id*.

## B. The Bankruptcy Court did not Err in Failing to Apply the *Johnson* Factors

The Debtor argues that the bankruptcy court erred in failing to evaluate the reasonableness of the Fee Application under the twelve factors articulated by the Fifth Circuit in *Johnson* (the "*Johnson* factors") and adopted by the Tenth Circuit in determining an attorney fee award pursuant to § 330(a).[37] The *Johnson* factors are:

> (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) any prearranged fee []; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[38]

Moye White argues that the Fee Application included an analysis pursuant to § 330, and that the § 330 factors incorporate nine of the *Johnson* factors. Accordingly, Moye White asserts the bankruptcy court's review of the Fee Application adequately considered the requested attorneys' fees under *Johnson*.

Section 330 limits awards of compensation to trustees, professionals, and others appointed under §§ 326, 327, 328, and 329 to "reasonable compensation for actual,

---

[37]     *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); *In re Permian Anchor Servs., Inc.*, 649 F.2d 763, 768 (10th Cir. 1981) (reasonable attorneys' fees are based on evidentiary inquiry meeting the guidelines generally set forth in *Johnson*); *see Salone v. United States*, 645 F.2d 875, 879 (10th Cir. 1981) (the *Johnson* factors should generally be applied where attorneys' fees are authorized).

[38]     *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454-55 (10th Cir. 1988).

necessary services" to the bankruptcy estate.[39] Section 330(a)(3) provides relevant factors in determining the amount of reasonable compensation. The Tenth Circuit requires bankruptcy courts to "consider the § 330(a)(3) and relevant *Johnson* factors—and only those factors—when evaluating the reasonableness of attorney's fees under § 330."[40] However, in the instant appeal, the bankruptcy court awarded attorneys' fees pursuant to a state civil theft statute—CRS § 18-4-405—not as compensation to a bankruptcy professional for services rendered to the estate pursuant to § 330(a).[41] Accordingly, the bankruptcy court was not required to apply § 330(a) and the *Johnson* factors.[42]

As the award of attorneys' fees was made pursuant to state statute, we look to Colorado law to determine if the attorneys' fees were reasonable within the meaning of CRS § 18-4-405. As we stated previously in *Hepner v. Perry*,

> [t]o determine if a fee request is reasonable, Colorado courts may look to, among other things, the criteria set forth in the Rules of Professional Conduct. Those criteria may include the time and labor required, the difficulty of the questions involved and the skill required to perform the legal services, the fees customarily charged in the locality, and similar criteria.[43]

---

[39]    *Hepner v. Perry (In re Kleinhans)*, 438 B.R. 355, No. CO-09-029, 2010 WL 1221751, at *4 (10th Cir. BAP Mar. 30, 2010) (table) (Sections 326-330 are irrelevant to determination of attorneys' fees and costs awarded under CRS § 18-4-405).

[40]    *In re Mkt. Ctr. E. Retail Prop., Inc.*, 730 F.3d 1239, 1249 (10th Cir. 2013).

[41]    Discharge Adversary Order at 21, *in* Appellant's App. at 108.

[42]    *Hepner*, 2010 WL 1221751, at *4.

[43]    *Id*. at *5 (citing *Rifkin v. Platt*, 824 P.2d 32, 36 (Colo. App. 1991) (Court should look to Code of Professional Responsibility DR 2-106 to consider reasonableness of a fee award)).

The factors used to determine whether fees are reasonable under Colorado Rule of

Professional Conduct 1.5, Fees (the "Rule 1.5 factors") include:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.[44]

Further, state law provides "[a] court makes an initial estimate of a reasonable attorney

fee by calculating the lodestar amount," which "represents the number of hours

reasonably expended on the case, multiplied by a reasonable hourly rate."[45]

The Debtor argues the bankruptcy court must apply the *Johnson* factors to a fee

application made under CRS § 18-4-405's award, citing *Adams v. Hernandez* in

support.[46] *Adams* merely illustrates that the Tenth Circuit applies the *Johnson* factors "in

a variety of contexts."[47] In addition, the authorities cited in *Adams* analyze the

reasonableness of attorneys' fees awarded under § 330—not under a state civil theft

---

[44]     Colo. RPC 1.5.

[45]     *Payan v. Nash Finch Co.*, 310 P.3d 212, 217 (Colo. App. 2012) (citing *Tallitsch v. Child Support Servs., Inc.*, 926 P.2d 143, 147 (Colo. App. 1996)); *see also Pub. Serv. Co. of Colorado v. Cont'l Cas. Co.*, 26 F.3d 1508, 1520 (10th Cir. 1994).

[46]     *Adams v. Hernandez (In re Hernandez)*, No. 13-1272 HRT, 2014 WL 2609795 (Bankr. D. Colo. June 11, 2014).

[47]     *Id*. at *6.

14

statute—and are not determinative in this case.[48] Accordingly, the bankruptcy court was not bound by the *Johnson* factors when reviewing the Fee Application and did not err in failing to apply those factors in determining the reasonableness of the awarded fees.

### C. The Award of Attorneys' Fees was Reasonable Under the Relevant Factors

As we hold the bankruptcy court was not bound to consider the *Johnson* factors when awarding attorneys' fees pursuant to state statute, we consider whether the award was reasonable based on the record. The Fee Application clearly analyzes the reasonableness of the request pursuant to § 330, and most of the *Johnson* factors, including an analysis of the results obtained; time and labor expended; skill of attorneys; customary fees; fixed or contingent fee; experience, reputation, and ability of attorneys; and the desirability of the representation.[49] The criteria established under § 330 are undeniably similar to the criteria in the Rule 1.5 factors, which Colorado courts look to when determining reasonableness of attorneys' fees.[50] Thus, because the record before

---

[48]     *Id.* (citing *In re Miniscribe Corp.*, 309 F.3d 1234 (10th Cir. 2002); *In re Mkt. Ctr. E. Retail Prop., Inc.*, 730 F.3d 1239 (10th Cir. 2013)).

[49]     Appellee's Br. 20.

[50]     Factors considered under § 330(a)(3) include:

> (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of . . . a case under [title 11]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether

(continued…)

15

the bankruptcy court encapsulated an analysis of the Fee Application under factors substantially similar to the Rule 1.5 factors, we hold the record is sufficient to support the award of attorneys' fees and costs under the Rule 1.5 factors.

The Fee Application described Moye White's role in the Discharge Adversary and the District Court Appeal and set forth the nature of services provided, including: review of pleadings filed by Arnold and SET; participating in discovery; attending, preparing for, and participating in the trial; defending PulseWave's interests in the District Court Appeal; communicating with the Debtor's counsel; and communicating with the receiver. The Fee Application set forth the time and labor expended, the difficulty and novelty of the work performed, counsel's skill, and the customary fees and rates charged for the region. Furthermore, the Fee Application also included as an exhibit a billing statement detailing each attorney's hours billed and billing rates. Thus, the Fee Application contained all of the information necessary for the bankruptcy court to calculate the lodestar amount and reach its conclusion.

While the Fee App Order and the Oral Ruling do not specifically articulate findings of reasonableness, based on the information submitted to the bankruptcy court, the award of attorneys' fees is not reversible error. The record, including the information made available to the bankruptcy court at the hearing, makes it clear that the bankruptcy court had before it sufficient information to evaluate the reasonableness of the attorneys'

---

the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

16

fees and costs under the Rule 1.5 factors. The Debtor's only argument on appeal is that the bankruptcy court erred by not applying the correct legal standard to determine whether the attorneys' fees were reasonable. As the Court holds the bankruptcy court is not bound by the *Johnson* factors in awarding attorneys' fees pursuant to CRS § 18-4-405 and that the record supports a finding of reasonableness under the correct legal standard, the award of attorneys' fees is not reversible whether we apply a plain error or *de novo* standard of review.

## V.     Conclusion

The bankruptcy court's failure to apply the *Johnson* factors when awarding attorneys' fees and costs to Moye White is not reversible error as the attorneys' fees were awarded pursuant to Colorado statute and not the Bankruptcy Code. Accordingly, the order awarding attorneys' fees of $24,277 and costs of $573.56 to Moye White is affirmed.